# In the United States Court of Federal Claims

NOT FOR PUBLICATION

|  |  |
|---|---|
| LESLEY VOWELS,<br><br>                 Plaintiff,<br><br>    v.<br><br>THE UNITED STATES,<br><br>                 Defendant. | No. 25-cv-0226<br>(Filed: July 29, 2025) |

Lesley Vowels, pro se.

Elinor Joung Kim, Civil Division, United States Department of Justice, Washington, D.C. for Defendant. With her on the briefs were Yaakov M. Roth, Acting Assistant Attorney General, Patricia M. McCarthy, Director, and Eric P. Bruskin, Assistant Director.

**OPINION AND ORDER**

Meriweather, Judge.

      On February 6, 2025, Plaintiff, Lesley Vowels ("Ms. Vowels"), proceeding pro se, filed a Complaint with this Court. *See* ECF No. 1.[1] Although the Complaint is difficult to follow, Ms.

---

[1] This is not Ms. Vowels's first time filing a Complaint with this Court. Ms. Vowels has previously filed complaints alleging similar, if not identical claims, in both this Court, *see Vowels v. United States*, No. 25-cv-0064 (Fed. Cl.); *Vowels v. United States*, No. 25-cv-0222 (Fed. Cl.); *Vowels v. United States*, No. 25-cv-0711 (Fed. Cl.), and the Western District of Kentucky. *See LLC Consulting v. Vowels*, No. 3:24-cv-645, 2024 WL 4800194, at *1, *2 (W.D. Ky. Nov. 15, 2024) (noting that even though Ms. Vowels had "been repeatedly warned that to comply with the Court's Local Rules [she] must either provide a valid mailing address or file the Registration to Receive Documents Electronically Form in each case filed . . . [she] refused to file a valid Registration to Receive Documents Electronically Form in twenty-seven of her twenty-eight cases"). This Court previously dismissed Ms. Vowels's earlier-filed complaints without prejudice for failure to prosecute under Rule 41(b) because Ms. Vowels repeatedly failed to comply with the Court's Orders to either provide a valid mailing address or waive into electronic notifications, such that the Court lacked any legally valid means of contacting her. *See Vowels*, No. 25-cv-0064, Order of Dismissal, ECF No. 13; *Vowels*, No. 25-cv-0222, Order of Dismissal, ECF No. 14; *Vowels*, No. 25-cv-0711, Order of Dismissal, ECF No. 12. Although, in the instant case, Ms. Vowels has, once again, failed to provide a valid mailing address, *see* Mail Returned, ECF No. 5; Mail Returned, ECF. No 10; Mail Returned, ECF No. 12, the Court will

Vowels appears to allege that certain Kentucky state government officials have violated the Federal Tort Claims Act ("FTCA"), the Fifth Amendment, and the Americans with Disabilities Act ("ADA") by evicting her from her home and business and by withholding federally funded rental assistance. *See generally id.* at 6–9 (alleging that those Kentucky state officials "obstructed justice and denied [her] access to the courts"). The Court previously granted Ms. Vowels's request to proceed *in forma pauperis* ("*IFP*") in this matter. *See* Order Granting *IFP* at 1, ECF No. 11.

On April 7, 2025, the United States filed a Motion to Dismiss pursuant to 28 U.S.C. § 1915(e)(2) and Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). *See* Def.'s Mot. to Dismiss, ECF No. 7 ("Mot."). Giving deference to Ms. Vowels's pro se status, the United States nonetheless contends that the Court should dismiss Ms. Vowels's Complaint because "none of the bases alleged in that Complaint confer this Court's jurisdiction." *Id.* at 2 (cleaned up). Specifically, the United States argues that this Court lacks subject matter jurisdiction over: (1) claims against state officials; (2) claims sounding in tort; (3) and breach-of-contract claims for which the plaintiff fails to plausibly allege the existence of an express or implied contract with the United States. *See id.* at 3–4. In the alternative, the United States contends that the Court should dismiss Ms. Vowels's Complaint for failure to state a claim. *See id.* Having reviewed the parties' briefs and the relevant law, the Court **GRANTS** the United States' Motion to Dismiss, ECF No. 7, and **DISMISSES** Ms. Vowels's Complaint, ECF No. 1.[2]

Ms. Vowels is proceeding pro se but must meet certain threshold requirements for her claims to proceed. Although the Court holds pro se plaintiffs to a less stringent standard than plaintiffs with attorney representation, Ms. Vowels still bears the burden of establishing the Court's jurisdiction, *i.e.*, the Court's power to review the claims Ms. Vowels has raised, or to award damages or other forms of relief. *See Hale v. United States*, 143 Fed. Cl. 180, 184 (2019) ("[E]ven pro se plaintiffs must persuade the court that jurisdictional requirements have been met." (citing *Bernard v. United States*, 59 Fed. Cl. 497, 499 (2004))); *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)). "If the Court determines at any time that it lacks subject matter jurisdiction, the Court must dismiss the action." RCFC 12(h)(3) (cleaned up); *see* RCFC 12(b)(1); *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) ("Subject matter jurisdiction may be challenged at any time by the parties or by the [C]ourt *sua sponte*.") (citing *Fanning, Philips & Molnar v. West*, 160 F.3d 717, 720 (Fed. Cir. 1998)).

The Court derives its power primarily from the Tucker Act, which provides, in relevant part:

---

decide this case on the merits as the United States has filed a Motion to Dismiss that is ripe for review.

[2] This Opinion and Order is based on the following filings: Compl., ECF No. 1; Mot. to Dismiss, ECF No. 7. Throughout, page citations to documents in the record refer to the document's original pagination, unless the page is designated with an asterisk (*e.g.*, *1), in which case the reference is to the pagination assigned by PACER/ECF.

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). Importantly, the Tucker Act is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). Therefore, to establish that a case falls within this Court's limited jurisdiction, plaintiffs must base their claims on a substantive law that "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *Doe v. United States*, 463 F.3d 1314, 1324 (Fed. Cir. 2006). This source of substantive law is commonly referred to as a "money-mandating" statute. *Id.*

First, the Court lacks subject matter jurisdiction over Ms. Vowels's claims involving Kentucky state and local officials and agencies.[3] "It is well established that this Court lacks jurisdiction to hear claims against state, local officials, or private individuals or entities, who are not federal employees." *Curie*, 163 Fed. Cl. at 808–09 (cleaned up) (collecting cases); *see* 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim *against the United States*.") (emphasis added); *see also Moore v. Pub. Defs.' Off.*, 76 Fed. Cl. 617, 620 (2007) (holding that complaints naming "private parties, or local, county, or state agencies, rather than federal agencies," are outside this Court's jurisdiction). In other words—this Court's statutory authority is limited to claims against the federal government. *See id.* Accordingly, the Court must dismiss Ms. Vowels's claims against non-federal entities and officials. *See* 28 U.S.C. § 1491(a).

Second, the Court also lacks subject matter jurisdiction over Ms. Vowels's tort claims. "It is well settled that the United States Court of Federal Claims lacks . . . jurisdiction to entertain tort claims." *Shearin v. United States*, 992 F.2d 1195, 1197 (Fed. Cir. 1993). Indeed, the Tucker Act itself expressly limits this Court's jurisdiction to "cases *not* sounding in tort." 28 U.S.C. § 1491(a)(1) (emphasis added); *see also Aetna Cas. & Sur. Co. v. United States*, 655 F.2d 1047, 1059 (1981) ("Tort claims, of course, are expressly beyond our Tucker Act jurisdiction."); *Bennett v. United States*, 169 Fed. Cl. 486, 494 (2024) ("[I]t is axiomatic that this Court lacks jurisdiction over tort claims, as expressly stated by the Tucker Act."); *Bowling v. United States*, 93 Fed. Cl. 551, 563 (2010) ("[T]he Tucker Act expressly excludes [tort] claims from the jurisdiction of the Court.") (cleaned up). Here, Ms. Vowels alleges that certain Kentucky state

---

[3] Ms. Vowels also appears to allege that her individual landlord, and that landlord's property maintenance company, violated certain federal and state statutes when entering into, and evicting her from, her former rental residence. *See* Compl. at 6. For the same reasons described herein, the Court lacks subject matter jurisdiction over claims against these "private individuals" and "entities" and those claims must be dismissed. *See Curie v. United States*, 163 Fed. Cl. 791, 808–09 (2022) (cleaned up).

officials violated the FTCA by denying her access to her former rental property, a tort claim.[4] *See* Compl. at 10.  Accordingly, the Court must dismiss those of Ms. Vowels's claims sounding in tort.  *See* 28 U.S.C. § 1491(a)(1); *Aetna Cas. & Sur. Co.*, 655 F.2d at 1059.

Finally, Ms. Vowels's contract claims, purportedly asserted against a Kentucky state judge for breach of unspecified "government contracts," fail for similar reasons.  *See* Compl. at 7.  "While this Court generally has jurisdiction over express and implied-in-fact contracts, it lacks subject matter jurisdiction over such claims where a plaintiff fails to plausibly allege such a contract."  *Doiban v. United States*, 173 Fed. Cl. 527, 549 (2024); *Barksdale v. United States*, 174 Fed. Cl. 168, 175 (2024); *see also Starrett v. United States*, No. 2022-cv-1555, 2023 WL 152827 at *4 (Fed. Cir. Jan. 11, 2023) ("Because . . . [plaintiff] does not plausibly allege the existence of an express or implied contract with the United States, the Claims Court lacked subject[]matter jurisdiction over the case and correctly dismissed [plaintiff's] complaint.").  Indeed, it is practically hornbook law that "to prevail on a breach-of-contract claim, a plaintiff must demonstrate, "in the first place," the existence of a "binding agreement," *i.e.*, a contract.  *Anderson v. United States*, 344 F.3d 1343, 1353 (Fed. Cir. 2003) (cleaned up); *Suess v. United States*, 535 F.3d 1348, 1359 (Fed. Cir. 2008).  At the motion to dismiss stage, "a complaint must do more than tender[ ] naked assertions devoid of further factual enhancement."  *Richardson v. United States*, No. 23-cv-1365, 2023 WL 8798072, at *2 (Fed. Cl. Dec. 19, 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (dismissing plaintiff's claim for breach of contract where the complaint contained "one bare allegation" of breach of a contract with the United States).  A plaintiff must therefore provide some evidence "that could plausibly be interpreted as manifesting a government intent to form a contract."  *Starrett*, 2023 WL 152827, at *3.

Ms. Vowels's Complaint does not plausibly allege the existence of a contract with the United States sufficient to confer this Court's jurisdiction.  In fact, Ms. Vowels's Complaint "contains no non-frivolous, non-conclusory allegations of fact even remotely suggesting that [s]he had a contract with the United States."  *Gorrio v. United States*, No. 24-cv-0354, 2024 WL 5711596, at *3 (Fed. Cl. Apr. 11, 2024), *aff'd,* No. 2024-cv-1832, 2025 WL 1619774 (Fed. Cir. June 9, 2025).  Ms. Vowels appears to allege "Federal Contract Violations" in the denial of her rental assistance.  *See* Compl. at 5, 7 ("Judge Josephine Layne Buckner has repeatedly denied me… access to federally funded rental assistance[,]… [v]iolating government contracts as the landlord and the states… cannot refuse rental assistance from Disabled persons.").  This bare allegation is insufficient to demonstrate that Ms. Vowels ever entered into an agreement with a government agent with authority to bind the United States in contract.  At most, Ms. Vowels alleges that at some unspecified time, with unspecified federal officials, she entered into a contract, the contents of which are also unspecified.[5]  Simply put—Ms. Vowels's Complaint

---

[4] Ms. Vowels's FTCA claims also fail for the same reason identified above; it is settled law that this Court lacks subject matter jurisdiction over state officials.  *See, e.g., Curie*, 163 Fed. Cl. at 808–09.

[5] Since her purported breach-of-contract claim appears in the Complaint under the heading "Violation of ADA Title II, Section 504," at best, the Court construes this claim as an alleged violation of the ADA by a Kentucky state official, a claim over which this Court lacks subject matter jurisdiction.  *See* Compl. at 7; *Curie*, 163 Fed. Cl. at 808–09 ("[T]his Court lacks

"contains no allegation (or supporting exhibit showing)" that any such contract actually "ever existed." *Starrett*, 2023 WL 152827, at *3. Thus, this Court must dismiss any purported breach of contract claim for lack of subject-matter jurisdiction.

In sum, although the Court recognizes Ms. Vowels's frustration concerning her current financial and housing instability, it lacks authority to review her claims. Therefore, the Court must dismiss the Complaint for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1). Having reached that conclusion, it is unnecessary to evaluate the United States' alternative arguments that the complaint also should be dismissed pursuant to 28 U.S.C. § 1915(e)(2) and RCFC 12(b)(6) for failure to state a claim.

## CONCLUSION

For the reasons set forth above, the Court lacks subject matter jurisdiction over Ms. Vowels's claims and they are subject to dismissal pursuant to RCFC 12(b)(1). Accordingly, the Court hereby **GRANTS** the United States's Motion to Dismiss, ECF No. 7, and **DISMISSES** Plaintiff's Complaint, ECF No. 1.[6] The Clerk of Court shall enter **JUDGMENT** accordingly. The Court further **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith because, as alleged, Ms. Vowels's claims are outside the jurisdiction of this Court and incurable.

Further, the Court hereby **DIRECTS** the Clerk of Court to **REJECT** any future submission in this case unless it is: (1) a motion for reconsideration pursuant to RCFC 59; or (2) a notice of appeal filed pursuant to RCFC 58. This Court's rules regarding post-dismissal submissions do not authorize Ms. Vowels to submit any other documents at this stage of the proceedings, and future unauthorized filings will be summarily rejected.[7]

**IT IS SO ORDERED.**

ROBIN M. MERIWEATHER
Judge

---

jurisdiction to hear claims against state… officials.").

[6] The Court also considers whether transfer of the action, as opposed to dismissal, would be "in the interest of justice." *See* 28 U.S.C. § 1631. Transfer is inappropriate here because Ms. Vowels already has a pending lawsuit in the Western District of Kentucky alleging substantially the same operative facts.

[7] This provision does not act as an anti-filing injunction or sanction. *See Allen v. United States*, 88 F. 4th 983, 989 (Fed. Cir. 2023). Ms. Vowels is not enjoined from proper post-dismissal filings in this case, nor is Ms. Vowels required to seek leave before filing future actions in this Court. *See id.* Rather, this provision merely serves as a mechanism to reject non-compliant, post-dismissal filings in the above-captioned case, *e.g.* any filing other than a motion for reconsideration pursuant to RCFC 59 or a notice of appeal pursuant to RCFC 58.